UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | | |
|---|---|---|
| KOREY RANDLE, *Pro Se*, | ) | Case No.: 3:19 CV 1166 |
| | ) | |
| Petitioner | ) | JUDGE SOLOMON OLIVER, JR. |
| | ) | |
| v. | ) | |
| | ) | |
| NEIL TURNER, Warden, | ) | |
| | ) | |
| Respondent | ) | <u>ORDER</u> |

Currently pending before the court in the above-captioned case is Petitioner Korey Randle's ("Petitioner" or "Randle") Petition for Writ of Habeas Corpus ("Petition"), pursuant to 28 U.S.C. § 2254. (ECF No. 1.) Under Local Rule 72.2, the court referred the matter to the Magistrate Judge for a Report and Recommendation ("R & R"). For the following reasons, the court adopts the R & R that the Petition be denied in its entirety.

On May 21, 2019, Randle filed the Petition challenging his conviction and sentence in state court for aggravated robbery and kidnapping. (ECF No.1.) As a result of the conviction, the trial court sentenced Randle to 10 years for aggravated robbery and 5 years for kidnapping, to be served consecutively, for a total of 15 years. (R & R at PageID #843, ECF No. 13.) The Petition asserts the following four grounds for relief:

> GROUND ONE:   Petitioner's 5th, 6th, and 14th Amendment Rights were violated when the trial court sentenced him to separated sentences, when the alleged crimes were committed together (Allegedly).

> GROUND TWO: The state violated Petitioner's due process constitutional rights when it failed to reveal that the indictment against him was based on perjury testimony. And failed to demonstrate that testimony had been remedied before trial reveal no promises of immunity, violated his 5th and 14th Amendment.
>
> GROUND THREE: Petitioner's due process rights and rights to a fair trial were violated by Court failure to grant a mistrial when the Court granted a recess to bolster the testimony of the state witness violating his 5th, 6th, and 14th Amendment to the U.S. Const.
>
> GROUND FOUR: The evidence against petitioner was against the manifest weight of justice and insufficient to convict violating his 5th, 6th, and 14th Amendment of the U.S. Const.

(Pet. at PageID #5–9, ECF No. 1-1.) Respondent Neil Turner ("Respondent" or "Warden") filed a Return of Writ on November 20, 2019, and Randle filed a response to the Return of Writ on June 26, 2020. (ECF Nos. 9, 12.) The matter was reassigned from Magistrate Judge James Knepp II to Magistrate Judge Kathleen B. Burke ("Magistrate Judge" or "Judge Burke") on November 23, 2020.

Judge Burke submitted her R & R on February 17, 2021, recommending that the court deny and dismiss the Petition in its entirety because Randle's grounds for relief are not cognizable and/or fail on the merits. (R & R at PageID #843, ECF No. 13.) In the R & R, Judge Burke concluded that Randle's first and fourth grounds for relief—which challenge the trial court's imposition of consecutive sentences (Ground One) and assert that the verdict is against the manifest weight of the evidence (Ground Four)—are not cognizable on federal habeas review. (*See* R & R at PageID #850, 861, ECF No. 13; *see also Deeb v. Jones*, No. 3:16-CV-02632, 2018 WL 3682515, at *8 (N.D. Ohio June 13, 2018) (explaining that "challenges to a state court's interpretation and application of state sentencing laws generally are not cognizable in federal habeas corpus proceedings"); *see also Wagner v. Bradley*, No. 3:17-CV-1616, 2019 WL 2636269, at *26 (N.D. Ohio June 27, 2019) (stating that "[a] claim that a conviction is against the manifest weight of the evidence rests solely on state law and is not a cognizable claim in a federal habeas petition").

The Magistrate Judge also determined that Randle's grounds for relief fail on the merits. Specifically, Judge Burke found that to the extent that Randle's first ground for relief could be construed as a challenge under the double jeopardy clause of the Fifth Amendment, this claim fails because aggravated robbery and kidnapping are separate offenses and each offense contains an element not contained in the other. (R & R at PageID #853, ECF No. 13 (citing *Brown v. Smith*, 2014 WL 1493123, at *21 (N.D. Ohio Apr. 11, 2014)).) As for Randle's second ground for relief—which is based on his contention that the indictment in his state court case is based on perjured testimony from a Government witness—Judge Burke determined that this claim is also unavailing because the false statements[1] made to the grand jury were related to the witness's own involvement in the robbery and kidnapping and were not material to the indictment against Randle. (R & R at PageID #857–858, ECF No. 13.) With respect to Randle's third ground for relief—which is rooted in his assertion that the state trial court violated his due process rights by denying his request for a mistrial[2]—the Magistrate Judge found that this claim lacks merits because Randle failed to demonstrate that he was deprived of a fair trial. (*Id*. at PageID #860.) As the R & R points out, Randle's argument that he was deprived of a fair trial because the prosecutor used the break to coach the witness is both speculative and belied by the record. (*Id*.) Lastly, Judge Burke determined that

---

[1] At the grand jury proceedings, the Government witness downplayed his role in the robbery and kidnapping. (R & R at PageID #857, ECF No. 13) But at trial, the witness admitted that he lied during the grand jury proceedings, and testified that he helped Randle plan the robbery, took the victim's purse, and helped Randle barricade the victim in the closet. (*Id*.)

[2] Randle's request for a mistrial revolves around one of the prosecutor's witness's request for a break during direct examination. (R & R at PageID #860, ECF No. 13.) The trial court granted the prosecutor's request for a break, and after court resumed, Randle moved for a mistrial, arguing that the jury might have been compromised and that the witness should have been prepared to testify prior to coming to court on the day of the trial. (*Id*.)

Randle's fourth ground for relief—which contends that the verdict was against the manifest weight of the evidence—fails because Randle has not shown that the evidence weighs heavily against his conviction.³ In reaching this conclusion, Judge Burke emphasized the fact that at trial the Government offered testimony to establish Randle's presence at the scene of the crime and his involvement in the robbery and kidnapping of the victim.

On March 11, 2021, Randle filed a Motion for Time (ECF No. 14), requesting a 90 day extension to file an objection to the R & R. Prior to the court's ruling on the Motion for Time, Randle filed an Opposition to the R & R, on March 15, 2021, which purports to oppose the Magistrate Judge's filings and raise his objections to the R & R. (ECF No. 16.) The court nevertheless granted Randle an extension of time until April 15, 2021. Despite being given an extension, he has not supplemented his Objection. In the Objection he filed, Randle does not identify any error in the R & R's factual findings or legal conclusions. Instead, Randle reiterates the arguments he raised in his Petition and response to the Return of Writ. An objection that summarizes what has already been presented, or merely states a disagreement with a magistrates's conclusion, is not an objection. *Aldrich v. Bock*, 327 F.Supp.2d 743, 747 (E.D. Mich. 2004).

After careful *de novo* review of the R & R, Randle's Objection, and all other relevant documents in the record, the court finds that Judge Burke's recommendations are fully supported by the record and controlling case law. *See Cowherd v. Million*, 380 F.3d 909, 912 (6th Cir. 2004). Because Randle's grounds for relief lack merit, the court finds that his Petition must be dismissed. Accordingly, the court adopts the R & R in its entirety and hereby denies and dismisses the Petition. The court also certifies, pursuant to 28 U.S.C. § 1915(a)(3), that an appeal from this decision could

---

³ Randle's fourth ground for relief is also procedurally defaulted since Randle did not present this argument to the state court of appeals. (R & R at PageID #861–862, ECF No. 13.)

-5-

not be taken in good faith, and that there is no basis on which to issue a certificate of appealability.

Fed. R. App. P. 22(b); 28 U.S.C. § 2253(c).

    IT IS SO ORDERED.

                                      */s/ SOLOMON OLIVER, JR.*
                                      UNITED STATES DISTRICT JUDGE

July 30, 2021